IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DEILY and DAVID LITTLE, individually and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MILLSPEC INDUSTRIES, LLC, also d/b/a MARCELLUS GAS FIELD SERVICES, LLC, also d/b/a ALLEGHENY LOG HOMES, LLC, also d/b/a CLEARWATER HOMES; MICHAEL VERONA,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs, Steven Deily and David Little, by their attorney, Melvin L. Vatz, Esq. and set forth the following:

1. Plaintiff, Steven Deily, is an individual residing at 131 Wexford Bayme Road, Wexford, Pennsylvania 15090.

2. Plaintiff, David Little, is an individual residing at 103 Walker Road, Prospect, Pennsylvania 16052.

3. Plaintiffs bring this action under the Fair Labor Standards Act on behalf of themselves and all other similarly situated employees of the Defendants.

4. Defendant, Millspec Industries, LLC, also d/b/a Marcellus Gas Field Services, LLC, also d/b/a Allegheny Log Homes, LLC, also d/b/a Clearwater Homes is a Pennsylvania Limited Liability Corporation with a registered office at 137 Cardinal Drive, New Brighton, Pennsylvania 15066.

5. Defendant, Michael Verona, is the President of Millspec Industries, LLC, Marcellus Gas Field Services, LLC and Allegheny Log Homes, LLC. As president Defendant Verona exercised control over and was responsible for the unlawful pay practices that are the subject of this Complaint.

6. The Plaintiffs assert jurisdiction for this Complaint as it presents a Federal Question pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

## I. BACKGROUND

7. The averments of Paragraphs 1 – 6 are incorporated as though fully set forth herein.

8. Beginning in June, 2009, both Plaintiffs began employment with the Defendant.

9. The Defendant, operating under the business names of Marcellus Gas Field Services, LLC ("Marcellus"), Allegheny Log Homes, LLC ("Allegheny"), Millspec Industries, LLC ("Millspec") or Clearwater Homes ("Clearwater"), has been engaged in the business of building "skid" sheds for companies engaged in the exploration and extraction of natural gas throughout Pennsylvania. The Defendant's services include building the sheds offsite, which are then transported to the exploration/drilling sites, where the sheds are then connected to utility services and placed into operation.

10. The Plaintiffs were employed by the Defendants to provide various construction services for the purpose of manufacturing the "skid" sheds at the Defendants shop located in Evan City, Butler County, Pennsylvania. In particular, the Plaintiffs performed the following services as employees:

    a. The Plaintiff Deily worked variously performing general labor, electrical, carpentry and plumbing services;

    b.  The Plaintiff Little performed services as a working shop foreman in the Defendants manufacturing shop, and also worked variously performing general labor, electrical, carpentry and plumbing services.

11. Both Plaintiffs worked continuously and exclusively for the Defendant beginning in June, 2009 until on or about August 13, 2010, when each Plaintiffs' employment was terminated.

12. Each Plaintiffs' employment was controlled and directed by the Defendant, and in particular, Defendant Verona, the President of the Defendant entities. The Plaintiffs acted as employees in all respects, as indicated by the following factors, including, but not limited to:

    a.  The Defendant provided most tools required for performance of the Plaintiffs jobs;

    b.  The Defendant provided all materials;

    c.  The Defendant directed the performance of jobs and the time during which jobs were to be completed;

    d.  The Plaintiffs devoted their full time and effort to their employment with the Defendants.

13. During the entire course of Plaintiffs' employment with the Defendants, they were paid wages on an hourly basis, based upon the number of hours per week worked. As of the termination of employment, Plaintiffs were paid the following wages:

    a.  Plaintiff Deily, $20.00 per hour;

    b.  Plaintiff Little, $30.00 per hour.

14. Plaintiffs routinely worked in excess of 40 hours per work week for the Defendants during their entire course of employment.

15. The Defendants failed and refused to pay the Plaintiffs overtime wages at 1.5 times the regular rate of pay for any hours worked in excess of 40 hours per week.

16. In addition to failing to pay overtime compensation as required, the Defendants failed to make required payroll deductions and contributions.

17. Defendants failure to pay overtime compensation is a violation of the Fair Labor Standards Act 29 U.S.C. §201 et seq., as Plaintiffs are non-exempt employees under the Act, requiring payment of overtime compensation.

18. Defendants, and their President, Defendant Verona, were aware of their obligations to pay overtime compensation, and willfully and knowingly refused to do so. Defendants told Plaintiffs that they were unable to pay overtime compensation because of their status as a new, "start-up" business. The actions of all of the Defendants, jointly and severally are in violation of the Fair Labor Standards Act, which requires payment of overtime wages for each week in which the employee has worked in excess of 40 hours.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for violation of the Fair Labor Standards Act, both individually, jointly and severally, and request that the Court grant the following relief:

a. Order the Defendants to pay overtime compensation in the amount of 1.5 times Plaintiffs' regular rate of pay;

b. Order the Defendants to pay liquidated damages in an amount equal to the principal amount due;

c. Order the Defendants to pay attorney fees and costs;

d. Grant the Plaintiffs all other legal and equitable relief to which they are entitled.

## JURY TRIAL DEMANDED

Respectfully submitted,

<u>s/Melvin L. Vatz, Esq.</u>
Melvin L. Vatz, Esq.
PA I.D. #23655
Email address: mlv@ggvlaw.com
Grossinger Gordon Vatz, LLP
429 Fourth Avenue, Suite 1000
Pittsburgh, PA 15219
(412) 391-3030